

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00146-CR

_____

DAVID EUGENE ETHRIDGE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12378

---

Before Birdwell, J.; Sudderth, C.J.; and Wallach, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

David Eugene Ethridge appeals from a judgment revoking his community supervision and sentencing him to ten years' confinement.[1] Ethridge stipulated verbally and in writing that all of the allegations in the State's motion to revoke were true and that he had "nothing to say to the Court as to why" the judge "should not . . . pronounce[]" his sentence. We affirm.

Ethridge's court-appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that this case presents no nonfrivolous grounds for appeal. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also complied with the requirements set forth in *Kelly v. State*, 436 S.W.3d 313, 319–20 & n.22 (Tex. Crim. App. 2014). Although counsel provided Ethridge with a copy of the appellate record and this court provided him an opportunity to respond to the *Anders* brief, Ethridge did not do so. Likewise, the State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must

---

[1]The trial court had first placed Ethridge on deferred adjudication, but it later adjudicated Ethridge guilty, suspended the imposition of sentence, and placed him on community supervision.

2

independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record. After reviewing the itemized bill of costs, we conclude that there is no statutory authority authorizing the $15 assessed for "Motion to Proceed/Revoke Fee" in connection with the December 2018 motion to revoke community supervision.[2] *See Thiebaud v. State*, No. 02-18-00173-CR, 2019 WL 983747, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication) (explaining that no criminal statute authorizes imposition of such filing fees). Nor is there anything in the record explaining the $1 discrepancy between the $143.62 in court costs imposed in the judgment (and the incorporated order to withdraw funds) and the $142.62 itemized in the bill of costs. Because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," we modify the judgment, the incorporated order to withdraw funds, and the bill of costs to delete the $15 "Motion to Proceed/Revoke Fee" and the additional $1.00 not supported by the record, leaving total court costs of $127.62. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Thiebaud*, 2019 WL 983747, at *2; *see also Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc)

---

[2]The trial court also included this $15 fee in its prior order adjudicating Ethridge delinquent and placing him on community supervision, but he cannot now challenge the imposition of that fee. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013).

(holding that an appellate court has the authority to modify a judgment in an *Anders* appeal).

Except for the improperly imposed fee and $1.00 discrepancy in the court costs, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and incorporated order to withdraw funds.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 7, 2019